UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

**KILEY FLYNN,**
and **GLORIA TOROVECI**,
Individually, and on behalf of all similarly-situated individuals,

|                                   | Case No.:    |
|-----------------------------------|--------------|
|                                   | Hon.:        |
| **Plaintiff,**                    | Magistrate:  |

**-vs-**

**TRES AMIGOS, INC.,** a domestic profit corporation,
**LOS TRES AMIGOS – CHELSEA, LLC,** a domestic limited liability company,
**LOS TRES AMIGOS – HOWELL, INC,** a domestic profit corporation,
**LOS TRES AMIGOS – JONESVILLE, LLC,** a domestic limited liability company,
**LOS TRES AMIGOS – LIVONIA, LLC,** a domestic limited liability company,
**LOS TRES AMIGOS – OWOSSO, LLC,** a domestic limited liability company,
**LOS TRES AMIGOS DOWNTOWN LANSING, LLC,** a domestic limited liability company,
**N.R.P.P., LLC,** a domestic limited liability company,
**LOS TRES AMIGOS FARMINGTON DOWNTOWN, LLC,** a domestic limited liability company,
**LOS TRES AMIGOS PLYMOUTH, LLC,** a domestic limited liability company,
**REDLINE TRADING, LLC,** a domestic limited liability company,
**LOS TRES AMIGOS SOUTH SIDE, INC.,** a domestic profit corporation,
**LOS TRES AMIGOS – CANTON, INC.,** a domestic profit corporation,
**LOS TRES AMIGOS – EAST LANSING, INC.,** a domestic profit corporation,
**HACIENDA LOS AMIGOS, INC.,** a domestic profit corporation,
**LOS TRES AMIGOS – MASON RESTAURANT, INC.,** a domestic profit corporation,
**LOS TRES AMIGOS – MASON, INC.,** a domestic profit corporation,
**LOS TRES AMIGOS – MICHIGAN CENTER, INC.,** a domestic profit corporation,
**LOS TRES AMIGOS – WEST JACKSON, INC.,** a domestic profit corporation,
**LOS TRES AMIGOS – WEST SAGINAW, INC.,** a domestic profit corporation,
**ARNULFO RAMIREZ,** an individual,
**EDWARD HALL,** an individual, and

1

**MARCOS LLAMAS,** an individual,

**Defendants.**

_____/

BURGESS SHARP & GOLDEN, PLLC
Attorneys for Plaintiffs and the Putative Class
BY:   Heidi T. Sharp (P 69641)
        Syeda F. Davidson (P 72801)
43260 Garfield Road, Suite 280
Clinton Township, MI 48038
(586) 226-2627
heidi@bsglawfirm.com
syeda@bsglawfirm.com

SOMMERS SCHWARTZ, P.C.
Attorneys for Plaintiffs and the Putative Class
BY:   Kevin J. Stoops (P64371)
        Charles R. Ash IV (P73877)
One Towne Square, 17th Floor
Southfield, MI 48076
(248) 355-0300
kstoops@sommerspc.com
crash@sommerspc.com

_____/

## CLASS AND COLLECTIVE ACTION
## COMPLAINT AND DEMAND FOR JURY TRIAL

Kiley Flynn and Gloria Toroveci ("Collectively referred to herein as Plaintiffs"), through their attorneys at Burgess Sharp & Golden, PLLC and Sommers Schwartz, P.C., on behalf of themselves and all others similarly situated, state the following in support of their Complaint against the above-named Defendants (collectively, "DEFENDANTS"):

2

## INTRODUCTION

1.      This is a collective and class action brought pursuant to 29 U.S.C. §
216(b) and Fed. R. Civ. P. 23 by Plaintiffs, individually and on behalf of all similarly
situated persons employed by Defendants arising from willful violations of the Fair
Labor Standards Act ("FLSA" or 29 U.S.C. § 201, *et seq.*) and the Michigan
Workforce Opportunity Wage Act ("WOWA" or MCL §408.411, *et. seq.*").

2.      Defendants own and operate a large chain of restaurants throughout
Michigan, commonly known as *Los Tres Amigos*.  Defendants employed Plaintiffs
and other similarly situated employees as tipped servers at each of their restaurant
locations.

3.      As part of their business model, Defendants rely on a statutory "tip
credit" to pay servers a reduced minimum wage instead of the full minimum wage.
In doing so, Defendants require its employees, including its servers, to forfeit a
percentage of their tips to an alleged "tip pool" which Defendants claim is then
distributed among various employees working during the shift (including, but not
limited to: servers, hostesses, food runners). In reality, Defendants does not maintain
and "tip pool" and never redistributes the tips turned over by the servers. Instead,
Defendants convert the tips to their own use and do not redistribute any portion of
the tips to the employees who are supposed to be part of the tip pool. Consequently,
Defendants' tip-pooling practices violate the FLSA, 29 USC § 201, *et seq.*, and

3

Defendants are not allowed to rely on a statutory "tip credit" in connection with their compensation of servers.

4.      Plaintiffs bring this action on behalf of themselves and all similarly-situated current and former hourly servers who elect to opt-in to this action under the FLSA, 29 USC § 216(b), to remedy Defendants' violations of the wage-and-hour provisions of the FLSA.  At the earliest time possible, Plaintiffs seek permission to send a Court-authorized notice of this action under 29 USC §216(b) to all employees currently working for Defendants.  Plaintiffs further seek permission to send a Court-authorized notice of this action under 29 USC 216(b) to all individuals who have worked for Defendants during the three years immediately preceding the filing of this action.

5.      Additionally, Plaintiffs bring this action on behalf of themselves and all similarly-situated current and former hourly servers under Fed. R. Civ. P. 23 to remedy violations of Michigan law, including, but not limited to counts for fraud and for violations of the Michigan Workforce Opportunity Wage Act ("WOWA"), MCL §408.411, *et. seq.*

6.      Defendants own at least eighteen (18) Los Tres Amigos restaurants, including those at the following locations:

   a.      6405 South Cedar St., Lansing, MI 48911;

   b.      447 South Jefferson St., Mason, MI 48854;

4

c.      4184 East Grand River Ave., Howell, MI 48843;

d.      39500 Ann Arbor Rd., Plymouth, MI 48170;

e.      5010 West Saginaw Hwy, Lansing, MI 48917;

f.      1111 North West Ave., Jackson, MI 49202;

g.      6600 Canton Center Rd., Canton, MI 48187;

h.      350 N. Main St. Ste. 200, Chelsea, MI 48118;

i.      1227 East Grand River Ave., East Lansing, MI 48823;

j.      1923 West Michigan Ave., Jackson, MI 49202;

k.      1631 East Main St., Owosso, MI 48867;

l.      4570 Bay Rd., Saginaw, MI 48604;

m.      107 East Allegan St., Lansing, MI 48933;

n.      328 Fifth St., Michigan Center, MI 49254;

o.      33200 Grand River Ave., Farmington, MI 48336; and

p.      29441 Five Mile Rd., Livonia, MI 48154.

## PARTIES, JURISDICTION, AND VENUE

7.      Plaintiffs incorporate the preceding paragraphs by reference.

8.      Plaintiff, Kiley Flynn, is a resident of the County of Wayne, State of Michigan.  She worked for Defendants as a server from January 1, 2016 until July 20, 2018.  Her consent form is attached as ***Exhibit A.***

9.     Plaintiff, Gloria Toroveci, is a resident of the County of Wayne, State of Michigan.  She worked for Defendants as a hostess and a server from August 2015 until March 2017.  Her consent form is attached as ***Exhibit B***.

10.     The following defendants are domestic profit corporations, which conduct substantial business throughout the State of Michigan: Tres Amigos, Inc.; Hacienda Los Amigos, Inc.; Los Tres Amigos – Howell, Inc.; Los Tres Amigos South Side, Inc.; Los Tres Amigos – Canton, Inc.; Los Tres Amigos - East Lansing, Inc.; Los Tres Amigos – Mason Restaurant, Inc.; Los Tres Amigos – Mason, Inc.; Los Tres Amigos – Michigan Center, Inc.; Los Tres Amigos – West Jackson, Inc.; and Los Tres Amigos – West Saginaw, Inc.

11.     The following defendants are domestic profit limited liability companies, which conduct substantial business throughout the State of Michigan: Los Tres Amigos – Chelsea, LLC; Los Tres Amigos- Jonesville, LLC; Los Tres Amigos – Livonia, LLC; Los Tres Amigos – Owosso, LLC; Los Tres Amigos Downtown Lansing, LLC; N.R.P.P., LLC; Los Tres Amigos Farmington Downtown LLC; Los Tres Amigos Plymouth, LLC; and Redline Trading, LLC.

12.     With the exception of Redline Trading, LLC, all of the corporate defendants and all of the limited liability company defendants are owned by defendant Arnulfo Ramirez ("RAMIREZ"), who is titled "President" on all of the annual statements filed with the State of Michigan.

13.     Redline Trading, LLC, is owned by defendant Edward Hall ("HALL"), who is titled "Member" on its annual statement filed with the State of Michigan.

14.     Defendant Marco Llamas ("MARCOS") is known as an owner to employees of the corporate and limited liability company Defendants.

15.     This Court has jurisdiction over Plaintiffs' FLSA claims under 28 USC §1331 because Plaintiffs' claims raise a federal question under 29 USC §201 *et seq.*

16.     This Court has jurisdiction over this FLSA collective action under 29 USC §216(b), which provides that suit under the FLSA "may be maintained against any employer…in any Federal or State court of competent jurisdiction."

17.     Defendants' annual sales exceed $500,000, and Defendants employ more than two persons, so the FLSA applies in this case on an enterprise basis. Defendants' employees engage in interstate commerce and are thus also covered by the FLSA on an individual basis.

18.     This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 USC §1367 because they arise under the same facts.

19.     Venue is proper in this district under 28 USC §1391 because the actions and omissions giving rise to the claims pleaded in this Complaint substantially occurred in this district.

20.     At all relevant times, Plaintiffs were tipped employees of Defendants as defined by the FLSA, 29 USC §203(e) and MCL §408.412.

7

21.    At all relevant times, Defendants were joint employers of Plaintiffs and similarly-situated individuals as defined by the FLSA, 29 USC 203(d) and MCL §408.412.

## COMMON FACTUAL ALLEGATIONS

22.    Over the course of the past three years, Defendants have employed hundreds of servers, including Plaintiffs, whose duties included, but were not limited to waiting on customers, serving customers, cleaning tables, filling salsa bowls, preparing food, clearing tables, rolling silverware, and making drinks.

23.    Defendants have also employed many busboys, whose duties included, but were not limited to, cleaning tables, and loading the dishwasher.

24.    Defendants have also employed many hostesses, whose duties included, but were not limited to seating customers and vacuuming the carpet.

25.    Defendants, on limited occasions, employed "food runners," whose duties related to transporting food from the kitchen to customer tables.

26.    At all relevant times, Defendants maintained control, oversight, and direction over Plaintiffs and similarly-situated employees, including timekeeping, payroll, tip-pooling arrangements, and other applicable employment practices.

27.    It was and still is Defendants' policy and practice to claim the statutory tip credit on its servers and to pay them a reduced minimum wage while allowing the remainder of servers' wages to be paid by tips collected from customers.

8

28.     To exemplify Defendants' use of a tip credit for servers, Plaintiff Kylie Flynn has attached to this complaint several paystubs that reflect her hourly rate to be just $3.23 per hour, more than four dollars an hour less than the non-credited federal minimum wage. ***Exhibit C***, Flynn Paystubs.

29.     Defendants required their servers to participate in unlawful tip-pooling or sharing arrangements with other employees.

30.     Specifically, Defendants required servers to pay as much as 15% of their tips into a tip pool at the end of the night, which, based on the express representations of Defendants, was meant to be distributed amongst the busboys, servers and hostesses.

31.     Defendants also routinely informed Plaintiffs that the tip pool was to be shared with food runners. Nevertheless, Defendants failed to employ food runners during many of the shifts within the class period.

32.     Employers, like Defendants, are mandated to pay their employers a statutory minimum wage under the FLSA and under Michigan law.

33.     The FLSA, 29 U.S.C. § 203(m), provides an exception allowing certain employer to take a "tip credit" and pay less than the statutory minimum wage to tipped employees, on the condition that any "tip pool" is shared only with other employees who customarily and regularly receive tips.

34.    Defendants' "tip pool" was and is invalid under this exception because Defendants failed and refused to distribute the tip pool funds to employees who customarily and regularly receive tips and, instead, Defendants converted the tip pool funds to their own use.

35.    Without the benefit of the tip credit exception, Defendants must pay Plaintiffs and the Putative Class the statutory minimum wage provided under the FLSA and Michigan law.

## COMMON ENTERPRISE ALLEGATIONS

36.    The 18 *Los Tres Amigos* locations at issue are franchised locations. Los Tres Amigos, Inc. is the franchisor.

37.    RAMIREZ is listed as the president for each location in question and MARCOS is known to be an owner of each location.  RAMIREZ and/or MARCOS are the franchisees of the locations in question.

38.    As is typical in the case of a large restaurant chain, almost every aspect of Los Tres Amigos' business and operations is guided by, if not mandated by, the franchise agreement.  The entire concept works because everyone adheres to the same brand and operating standards.

39.    Most successful franchise systems also have franchisee associations that share ideas and best practices among franchisees; in fact, the entire point of a franchise is the ability to own a proven system.

10

40. Employee handbooks and other similar materials are often shared among and between corporate stores and franchisees.

41. In the case of RAMIREZ and MARCOS, they have chosen to incorporate dozens of separate legal entities to "operate" (and complicate) their business. Each subsidiary and/or franchise is owned and controlled by RAMIREZ and MARCOS.

42. The illegal tip-pool in question exists and is administered at each of Defendants' restaurant locations in exactly the same manner; independent businesses acting alone would not have this kind of uniformity.

43. Even the naming of the various restaurant locations was done uniformly in that the Defendants identify each restaurant as: Los Tres Amigos – [Insert geographic location of operation], Inc. *See* paragraphs 14-15.

44. By any measure, Los Tres Amigos, Inc., RAMIREZ, MARCOS, and each of the 18 restaurant locations at issue are a common enterprise.

## FLSA COLLECTIVE ACTION ALLEGATIONS

45. At all times over the past three years, Defendants paid servers at the reduced minimum wage under the FLSA tip credit provisions.

46. Defendants did not satisfy the requirements under the FLSA that would allow them to claim the tip credit.

47.     Where a tipped employee is required to contribute to a tip pool that includes employees who do not customarily and regularly receive tips, the employee must be paid the full minimum wage, as required by the FLSA ($7.25 per hour).

48.     Defendants' maintained an invalid tip pool by way of their common plan and policy of failing and refusing to distribute the tip pool funds to employees who customarily and regularly receive tips and, instead, converting the tip pool funds to Defendants' own use.

49.     Accordingly, Plaintiffs bring this action under 29 USC § 216(b) of the FLSA on their own behalf and on behalf of:

> *All similarly situated current and former hourly servers who worked for Defendants at any time during the last three years*

("THE COLLECTIVE"). Plaintiffs reserve the right to amend this definition as necessary.

50.     Excluded from the proposed collective are Defendants' exempt executives, administrative and professional employees, including computer professionals and outside sales persons.

51.     With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiffs under 29 USC §216(b). The class of employees on behalf of whom Plaintiffs bring this collective action are similarly-situated because a) they have been or are employed in the same or similar positions; b) they were or are

subject to the same or similar unlawful practices, policies, or plans; and c) their claims are based upon the same factual and legal theories.

52.    The employment relationships between Defendants and every collective member are the same and differ only in name, location, and rate of pay. They key issues – the amount of tips and wages owed – does not vary substantially among the collective.

53.    The key legal issues are the same for every collective member, to wit: 1) Whether employees even received monies intended for them through the tip-pooling arrangement; 2) Whether Defendants illegally retained tips from the tip pool; and 3) whether Defendants' tip pool is invalid.

54.    Plaintiffs estimate that the collective, including both current and former employees over the relevant period, will include hundreds of individuals.  The precise number of individuals should be readily available from a review of Defendants' personnel and payroll records.

55.    The FLSA collective is readily identifiable and locatable through use of Defendants' records.  The FLSA collective should be notified of and allowed to opt-in to this action, under 29 USC §216(b). Unless the Court promptly issues such a notice, the FLSA collective, who have been unlawfully deprived of pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants.

## RULE 23 CLASS ALLEGATIONS

56.     Plaintiffs also bring this action under Fed. R. Civ. P. 23(b)(2) and

(b)(3) on their own behalf and on behalf of:

> *All similarly-situated current and former hourly servers who worked for*
> *Defendants in Michigan at any time during the last three years*

("THE MICHIGAN CLASS").   Plaintiffs reserve the right to amend this

definition as necessary.

57.     The persons in the Michigan class are so numerous that joinder of all

members is impracticable.   Although the precise number of such persons is

unknown, and facts upon which the calculation of that number are presently within

the sole control of Defendants, there are hundreds of members of the Michigan class

during the Michigan class period.

58.     There are questions of law and fact common to the Michigan class that

predominate over any questions solely affecting individual members of the Michigan

class, including, but not limited to:

    a.   Whether Defendants employed Plaintiffs and the Michigan class within
        the meaning of WOWA.

    b.   Whether Defendants unlawfully failed to pay the minimum wage in
        violation of, and within the meaning of, WOWA.

    c.   Whether Defendants unlawfully required Plaintiffs and the Michigan
        class to share their tips with employees who were ineligible to receive
        shared tips;

d.  Whether Defendants failed to keep accurate time and payroll records for Plaintiffs and the Michigan class;

e.  Whether Defendants' policy of failing to pay the minimum wage was instituted willfully or with reckless disregard of the law;

f.  Whether Defendants' policy of distributing servers' tipped income to employees who do not customarily and regularly receive tips from customers was instituted willfully or with reckless disregard of the law;

g.  Whether Defendants fraudulently induced servers, including Plaintiffs, to contribute to a tip pool by representing that the funds would pay members of the pool, when in fact Defendants converted those funds for their own use;

h.  The proper measure of damages sustained by Plaintiffs and the Michigan class; and

i.  Whether Defendants should be enjoined from such violations in the future.

59.    Plaintiffs will fairly and adequately protect the interests of the Michigan class and have no interests antagonistic to the class. Plaintiffs are represented by attorneys who are experienced and competent in both class litigation and wage and hour litigation.

60.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The damages sustained by individual class members are small when compared to the expense and burden of

individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

61.    This case will be manageable as a Rule 23 class action.  Plaintiffs and their counsel known of no unusual difficulties in this case and Defendants all have advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

62.    Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v Allstate Ins. Col.,* 559 US 393 (2010) ("by its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action.") Because Defendants acted and refused to act on grounds that apply generally to the Rule 23 Michigan class and declaratory relief is appropriate in this case with respect to the Rule 23 Michigan class as a whole, class certification under Rule 23(b)(2) is also appropriate.

## COUNT I
## (29 USC § 216(b) Collective Action)
## VIOLATION OF THE FLSA – FAILURE TO PAY MINIMUM WAGE

63.    Plaintiffs incorporate the preceding paragraphs by reference.

64.    This claim arises out of Defendants' willful violation of the FLSA for failure to pay a minimum wage to Plaintiffs and members of the FLSA Collective.

65.     At all relevant times, Defendants jointly employed Plaintiffs and all members of the FLSA collective within the meaning of the FLSA.

66.     At all relevant times, Defendants have been engaged in interstate commerce or the production of goods for commerce, within the meaning of the FLSA.

67.     The minimum wage provisions of the FLSA apply to Defendants and protect Plaintiffs and members of the FLSA collective.

68.     Plaintiffs have consented in writing to be a part of this action, under 29 USC 216(b). As this case proceeds, it is likely that other individuals will file consent forms to join as party plaintiffs.

69.     Under 29 USC §206, Plaintiffs and the FLSA collective were entitled to be compensated at the rate of at least $2.65 per hour plus tips to meet the federal minimum of $7.25 per hour.

70.     Defendants failed to pay Plaintiffs and members of the FLSA collective the minimum wages set forth in 29 USC §206.

71.     Defendants failed to pay FLSA collective members a minimum wage throughout the relevant time period because Defendants required Plaintiffs and the FLSA collective to participate in an unlawful tip pool, unlawfully paid Plaintiffs and the FLSA collective at an hourly wage below what is required by the FLSA, and unlawfully retained a portion of Plaintiffs' and the FLSA collective's tips.

72.     Plaintiffs, on behalf of themselves and the Collective, seek damages in the amount of their respective unpaid wages, liquidated damages as provided by 29 USC §216(b), and such other legal and equitable relief as the Court deems proper.

73.     Plaintiffs, on behalf of themselves and the FLSA Collective, seek recovery of attorneys' fees and costs incurred in enforcing their rights under 29 USC 216(b).

74.     29 USC §211(c) provides that every employer subject to the FLSA must make, keep, and preserve records of those employed by him, and of the wages, hours, and other conditions and practices of employment maintained by him, and must make reports from those records to the Administrator as necessary for the enforcement of the provisions of the law.

75.     29 CFR §516.2 and 29 CFR §825.500 further require that every employer will maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each employee each workweek.

76.     To the extent that Defendants failed to maintain all records required by the aforementioned statutes and regulations, and failed to furnish Plaintiffs and the FLSA Collective comprehensive statements showing the accurate wages they earned during the relevant time period, Defendants also violated those laws causing damage.

77.     When the employer fails to keep accurate records of the wages earned by its employees, an employee has carried out his or her burden if she proves that she has performed work for which she was improperly compensated and if she produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount worked and earned or evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the Court may then award damages to the employee, even though the result is only approximate.

78.     Based on the foregoing, Plaintiffs seek unpaid minimum wages at the required legal rate for all working hours during the relevant time period, back pay, restitution, damages, reimbursement of any improper tip-splits, liquidated damages, attorneys' fees and costs, and all other costs, penalties, and other relief allowed by law.

### COUNT II
### (Rule 23 Michigan Class Action)
### VIOLATION OF WOWA – FAILURE TO PAY MINIMUM WAGE

79.     Plaintiffs incorporate the preceding paragraphs by reference.

80.     Defendants, Plaintiffs, and the Rule 23 Michigan class members are employers and employees for purposes of WOWA, MCL 408.411, *et. seq*.

81.     WOWA states that an employer will not pay any employee at a rate that is less than prescribed in this act.

82.     All putative Rule 23 Michigan class members are entitled to their full minimum wages under Michigan's wage and hour laws. WOWA §§408.414 and 408.414(d).

83.     Defendants violated Michigan law, including WOWA §§408.414 and 408.414(d) by regularly and repeatedly failing to compensate Plaintiffs and the Rule 23 Michigan class at the appropriate minimum wage as described in this Complaint. As a result, Plaintiffs and the Rule 23 Michigan class have and will continue to suffer loss of income and other damages. Accordingly, Plaintiffs and the Rule 23 Michigan class are entitled to recover unpaid wages owed, plus all damages, fees and costs, available under WOWA.

## RELIEF REQUESTED

Plaintiffs, on behalf of themselves and the putative Collective and Class members, requests an order for relief as follows:

a.   Certifying this case as a collective action in accordance with 29 USC §216(b) with respect to the FLSA claims;

b.   Certifying this action as a class action (for the Rule 23 Michigan class) under Rule 23(b)(2) and (b)(3) with respect to Plaintiffs' state law claims;

c.   Ordering Defendants to disclose in a computer format, or in print if no computer readable format is available, the names and addresses of all collective action class members and Rule 23 class members, and permitting Plaintiffs to send notice of this action to all those similarly situated

20

individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

d. Designating Plaintiffs as the representatives of the FLSA collective action and the Rule 23 Michigan class, and undersigned counsel as Class counsel for same;

e. Declaring Defendants violated the FLSA and the Department of Labor's attendant regulations;

f. Declaring Defendants' violation of the FLSA was willful;

g. Declaring Defendants violated WOWA and that said violations were intentional or willful;

h. Granting judgment in favor of Plaintiffs and against Defendants and awarding Plaintiffs and the collective and Michigan class members the full amount of damages and liquidated damages available by law;

i. Awarding reasonable attorneys' fees and costs incurred by Plaintiffs in filing this action as provided by statute;

j. Awarding pre- and post-judgment interest to Plaintiffs on these damages; and

k. Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiffs, individually and on behalf of all others similarly situated, through their attorneys, demand a trial by jury under Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled cause.

Respectfully Submitted,

/s/ *Kevin J. Stoops*
Kevin J. Stoops (P64371)
kstoops@sommerspc.com
Charles R. Ash, IV (P73877)
crash@sommerspc.com
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
Telephone: (248) 355-0300
Facsimile: (248) 436-8453

Heidi T. Sharp (P 69641)
Syeda F. Davidson
Email: syeda@bsglawfirm.com
BURGESS, SHARP & GOLDEN PLLC.
43260 Garfield Road, Suite 280
Clinton Township, MI 48038
Telephone: (586) 226-2627

*Attorneys for Plaintiff and proposed*
*Collective and Class Members*

Dated:        August 6, 2018